UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARQUISE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-615-PLR-CCS |
| | ) | |
| TDOC COMMISSIONER; RANDY LEE, | ) | |
| NEXC Warden; and SGT. DOUTHITE, | ) | |
| NECX Grievance Chairperson, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM and ORDER</u>**

Acting pro se, Marquise Harris, a state inmate who is now confined in the Turney Center Industrial Complex in Only, Tennessee ("TCIC"), brings this civil rights complaint for equitable and monetary relief under 42 U.S.C. § 1983. The three Defendants are, respectively, the Commissioner of the Tennessee Department of Correction ("TDOC"), a warden at the prison wherein Plaintiff was confined previously, and the grievance chairperson at the prison [Doc.1].

Based on the financial data supplied in Plaintiff's affidavit and inmate trust account statement, his application to proceed without prepayment of fees is **GRANTED** [Doc. 2]. Nevertheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of Plaintiff's inmate trust account at TCIC shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28

U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the TCIC and to the Tennessee Department of Correction Commissioner, Tony C. Parker. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

Plaintiff's additional motion to proceed *in forma pauperis* is **DENIED** as **MOOT** [Doc. 3].

## I. Screening the Complaint

Because Plaintiff is a prisoner who is proceeding *in forma pauperis*, the Court must review the complaint to determine whether it states a claim entitling him to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. Plaintiff's Allegations

Plaintiff charges that on October 14, 2015, while he was confined in the Northeast Correctional Complex ("NECX") he filed a grievance against the NECX trust fund custodian, alleging that funds from his trust fund had been unlawfully withdrawn and requesting that the withdrawal be reversed and the funds returned to his trust fund account. However, the Grievance Chairperson failed to comply with sundry procedural rules governing inmate grievances.

One specific failing Plaintiff attributes to the Grievance Chairperson is that she did not give him timely notification of the response to the grievance or the warden's decision on appeal, which prevented him from perfecting his appeal of the grievance to the TDOC Deputy Commissioner of Operations and, thereby, led to the denial of the appeal for lack of substantiation of Plaintiff's allegation of impropriety. In the midst of the processing of Plaintiff's grievance, he was illegally transferred to another TDOC prison.

### III. Law and Analysis

This pleading is an exact replica of another civil rights complaint under 42 U.S.C. § 1983 filed previously in this Court. *See Harris v. TDOC Commissioner*, No. 3:16-CV-600-JRG-HBG (E.D. Tenn. 2016). "Generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Serlin v. Aruthus Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Faced with a duplicative suit, such as this one, a federal court may exercise its discretion to stay or dismiss the suit before it, allow both federal cases to proceed, or enjoin the parties from proceeding in the other suit. *See Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).

With respect to duplicative suits, the Sixth Circuit has stated

> "[S]imple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the

3

> same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *see also Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001) (joining other courts that have held a district court may dismiss one of two identical pending actions).

*Twaddle v. Diem*, 200 F. App'x 435, 438 (6th Cir. 2006) (alterations in original).

"A complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100-JHM, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (quoting *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F.Supp.2d 357, 359–60 (D.Del. 2009)). Accordingly, this Court will exercise its discretion and will **DISMISS** this duplicative § 1983 complaint as malicious. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts do, however, retain broad powers to prevent duplicative or unnecessary litigation."). Plaintiff's motion for discovery is **DENIED** as **MOOT** [Doc. 4].

This dismissal will count as a strike under the three-dismissal rule in 28 U.S.C. § 1915(g).

Finally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal from this decision, he must also submit either: (a) the $505.00 appellate filing fee or (b) a motion for leave to appeal *in forma pauperis*, his financial affidavit, and a certified copy of his inmate trust fund showing the transactions in the account for the last six months. 28 U.S.C. § 1915(b)(1).

**AN APPROPRIATE ORDER WILL ENTER**.

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**